| | |
|---|---|
| TAYLOR CORPORATION AND TRAVEL TAGS, INC., Minnesota corporations, | ) ) ) |
| | )   Civil Action No. 04-662 PAM/RLE |
|        Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| BARRY FIALA, INC. | ) |
| | ) |
|        Defendants. | ) |
| | ) |

_____

## ANSWER AND FIRST AMENDED COUNTERCLAIMS

In response to the Amended Complaint of Taylor Corporation ("Taylor") and Travel Tags, Inc. dated February 5, 2004, Defendant Barry Fiala, Inc. ("Fiala") answers as follows:

### Parties and Jurisdiction

1.　　Fiala is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 1 of the Complaint and, therefore, denies the same.

2.　　Fiala admits the allegations in Paragraph 2 of the Complaint.

3.　　In response to Paragraph 3 of the Complaint, Fiala denies that a License Agreement exists between Fiala and Travel Tags, Inc. and, hence, denies that there is an actual controversy as to whether Travel Tags, Inc. has breached a License Agreement.  Fiala denies that it has accused Travel Tags, Inc. of failing to pay royalties and denies that it has disputed that Travel Tags, Inc. materially breached a License Agreement.  Fiala admits the remaining allegations of Paragraph 3.

4.　　Fiala admits the allegation of Paragraph 4 of the Complaint.

5. Fiala objects to Paragraph 5 of the Complaint as vague and ambiguous because it is not clear what is meant by "one-piece and two-piece card packages." Fiala admits that the business of Taylor and/or Travel Tags, Inc. includes making and selling card-package combinations. Fiala is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 5 and, therefore, denies the same.

## Count I

6. In response to Paragraph 6 of the Complaint, Fiala incorporates by reference its responses to Paragraphs 1-5, above.

7. Fiala objects to Paragraph 7 of the Complaint as vague and ambiguous because it is not clear what is meant by "one-piece and two-piece card packages." Fiala denies the remaining allegations of Paragraph 7.

8. Fiala denies the allegations of Paragraph 8 of the Complaint.

## Count II

9. In response to Paragraph 9 of the Complaint, Fiala incorporates by reference its answers to Paragraphs 1-8, above.

10. In response to Paragraph 10 of the Complaint, Fiala admits that it entered into a License Agreement with Taylor effective January 21, 2000 (hereinafter "the Taylor License Agreement"). Fiala admits that the Taylor License Agreement covers certain products that may be made by Taylor Corp., including products made with the assistance of other domestic sources. Fiala denies the remaining allegations of Paragraph 10.

11. Fiala objects to Paragraph 11 of the Complaint as vague and ambiguous because it is not clear what is meant by "certain two-piece card carrier packages." Fiala is without

knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 11 and, therefore, denies the same.

12.      Fiala denies the allegations of Paragraph 12 of the Complaint.

13.      Fiala denies the allegations of Paragraph 13 of the Complaint, including any inference that Travel Tags, Inc. is a party to the Taylor License Agreement.

14.      Fiala denies the allegations of Paragraph 14 of the Complaint.

15.      Fiala denies the allegations of Paragraph 15 of the Complaint.

## COUNTERCLAIMS

For its counterclaims against Taylor and Travel Tags, Inc., Fiala alleges as follows:

### Parties and Jurisdiction

1.      Counterclaim-Plaintiff Fiala is a Tennessee corporation with its principal place of business at 1230 N. Watkins St., Memphis, Tennessee.

2.      Upon information and belief, Counterclaim-Defendant Taylor is a Minnesota Corporation having its principal place of business at 1725 Roe Crest Drive, Mankato, Minnesota.

3.      Upon information and belief, Counterclaim-Defendant Travel Tags, Inc. is a Minnesota Corporation having a principal place of business at 5842 Carmen Avenue, Inver Grove Heights, Minnesota.

4.      These counterclaims include claims for breach of contract and for patent infringement arising under the Acts of Congress relating to patents, 35 U.S.C. §§ 271, 281-85.

5.      The amount in controversy between the parties exceeds $75,000.00.

6.      This Court has jurisdiction over these counterclaims under 28 U.S.C. §§ 1331, 1332, 1338(a), and principles of pendent and ancillary jurisdiction.

**General Pleadings**

7.      On July 6, 1999, U.S. Patent No. 5,918,909 (the "'909 patent") entitled Package for Card With Data-Encoded Strip and Method of Using Same was duly and legally issued to Fiala as assignee of the inventors Barry J. Fiala and Ronald B. Selby.

8.      Fiala is the owner of all right, title and interest to the '909 patent.

9.      The '909 patent is directed to card-package combinations having a data encoded strip on the card and methods of using the same.

10.     Effective January 21, 2000, Fiala and Taylor entered into the Taylor License Agreement.  The Taylor License Agreement, grants Taylor, by and through what is described as Taylor's "unincorporated division, Travel Tags," a royalty-bearing, non-exclusive license under the '909 patent.  The Taylor License Agreement requires Taylor to pay royalties on sales of all card-package combinations that are covered by, or whose use is covered by, the '909 patent.

11.     The Taylor License Agreement requires Taylor to mark all products made or sold under the Taylor License Agreement with the '909 patent number.

12.     The Taylor License Agreement permits Taylor to have other domestic sources assist with the manufacture of licensed card-package combinations, but only if such manufacture is on behalf of Taylor and if royalties are paid by Taylor.

13.     The Taylor License Agreement prohibits Taylor from assigning or sub-licensing its rights under the Taylor License Agreement without prior written permission of Fiala.

14.     After Fiala and Taylor entered into the Taylor License Agreement, Taylor paid royalties on some card-package combinations that were made and sold by Taylor through its unincorporated division called Travel Tags.

15.     On or about September 6, 2000, Taylor formed Counterclaim-Defendant Travel Tags, Inc.  Travel Tags, Inc. is a wholly-owned subsidiary of Taylor.    Taylor never gave Fiala notice of its intent to incorporate Travel Tags or its intent to assign and/or sublicense Taylor's rights under the Taylor License Agreement to Travel Tags, Inc.

### Count I
### Breach of Contract Against Taylor

16.     The above allegations 1-15 are incorporated by reference.

17.     Upon information and belief, Taylor, without the knowledge or consent of Fiala, has purported to assign or sublicense its rights under the Taylor License Agreement to Travel Tags, Inc.

18.     Taylor has breached the Taylor License Agreement, including by the following acts:

    a.     failing to pay royalties on card-package combinations covered by the Taylor License Agreement that Taylor has made and/or has had made for it and sold;

    b.     failing to mark card-package combinations covered by the Taylor License Agreement that Taylor has made and/or has had made for it and sold; and

    c.     causing Travel Tags, Inc. to manufacture card-package combinations that are covered by the Taylor License Agreement on its own behalf instead of on behalf of Taylor.

    d.     assigning and/or sub-licensing its rights under the Taylor License Agreement to Travel Tags, Inc.

19.     Each of the Taylor breaches is a material breach of the Taylor License Agreement.

20.     Fiala has notified Taylor of its breaches of the Taylor License Agreement.

21.     Taylor has not cured any of its breaches of the Taylor License Agreement.

22.     Fiala has suffered harm, including irreparable harm, as a result of Taylor's breaches of the Taylor License Agreement.  Fiala will continue to suffer such harm unless Taylor is enjoined from further breach of the Taylor License Agreement.

**Count II**
**Patent Infringement**

23.     The above allegations 1-15 are incorporated by reference.

24.     Travel Tags, Inc. is not a licensee under the Taylor License Agreement.

25.     Travel Tags, Inc. is not licensed under the '909 patent.

26.     Travel Tags, Inc. has infringed the '909 patent by making, using, and selling card-package combinations covered by claims 29 and/or 30 of the '909 patent.

27.     Travel Tags, Inc. has contributed to the infringement of the '909 patent by making, using, and/or selling card-package combinations that have no substantial non-infringing use other than to practice the methods covered by claims 29 and/or 30 of the '909 patent.

28.     Travel Tags, Inc. has induced infringement of the '909 patent by, *inter alia*, causing purchasers of its card-package combinations to practice the methods covered by claims 29 and/or 30 of the '909 patent.

29.     Taylor has induced infringement of the '909 patent by purporting to assign or sublicense its rights under the Taylor License Agreement to Travel Tags, Inc. in violation of that Agreement, and by otherwise causing Travel Tags, Inc. to infringe the '909 patent.

30.     Fiala has suffered harm, including irreparable harm, as a result of Counterclaim-Defendants' infringement of the '909 patent.  Fiala will continue to suffer such harm unless Counterclaim-Defendants are enjoined from further infringement of the '909 patent.

31. Taylor has been aware of the '909 patent since at least January 21, 2000. Travel Tags, Inc. has been aware of the '909 patent since its formation.

32. Counterclaim-Defendants' infringement of the '909 patent has been willful.

**Count III**
**Breach of Contract Against Travel Tags, Inc.**

33. The above allegations 1-22 are incorporated by reference.

34. Pleading now in the alternative, if Taylor Corp.'s attempted assignment or sublicense of its rights under the Taylor License Agreement to Travel Tags, Inc. is deemed to be effective, Travel Tags, Inc. is a licensee under the Taylor License Agreement.

35. Travel Tags, Inc. has breached the Taylor License Agreement, including by the following acts:

    a.    failing to pay royalties of card package units covered by the Taylor License Agreement that it has made and sold.

    b.    failing to mark card package units covered by the Taylor License Agreement that it has made and sold.

36. Travel Tags, Inc.'s breaches are material breaches of the Taylor License Agreement.

37. Fiala has notified Travel Tags, Inc. of its breaches of the Taylor License Agreement.

38. Travel Tags, Inc. has not cured its breaches of the Taylor License Agreement.

39. Fiala has suffered harm, including irreparable harm, as a result of Travel Tags, Inc.'s breaches of the Taylor License Agreement. Fiala will continue to suffer such harm unless Travel Tags, Inc. is enjoined from further breach of the Taylor License Agreement.

## Count IV
## Statutory Inducement To Breach Of Contract

40.     The averments of Paragraphs 1 through 22 are incorporated in this Count by reference as if fully recited herein.

41.     Travel Tags, Inc. knew the terms of the Taylor License Agreement and knew that it could not be assigned and/or sublicensed.  Even so, Travel Tags, Inc. induced Taylor Corp to breach the terms of the Taylor License Agreement.

42.     The aforementioned actions by Travel Tags, Inc. constitute a tortuous interference with Fiala's contractual relations with others in direct violation of Tenn. Code Ann. § 47-50-109.

43.     As a consequence of its willful tortious interference with Fiala's contractual relations, Travel Tags, Inc. is liable to Fiala in treble the amount of damages caused by Travel Tags, Inc.'s actions.

## Count V
## Tortious Interference With A Contract – Common Law

44.     The averments of Paragraphs 1 through 22 and 40 through 43 are incorporated in this Count by reference as if fully recited herein.

45.     The aforementioned actions by Travel Tags, Inc. constitute tortious interference with business relations in violation of the common law of the State of Tennessee and the State of Minnesota.

46.     As a result of Travel Tags, Inc.'s intentional and willful tortious interference with Fiala's contractual relations, Travel Tags, Inc. is liable for Fiala's damages.

# **PRAYER FOR RELIEF**

WHEREFORE, Fiala prays for the following relief:

a. A judgment for Fiala on all of Plaintiffs' claims and dismissal of Plaintiffs' claims with prejudice;

b. A judgment that one or both of Counterclaim-Defendants have breached the Taylor License Agreement;

c. A preliminary injunction enjoining and restraining Counterclaim-Defendants, their officers, directors, agents, servants, employees, attorneys and all others acting under or through them, directly or indirectly, from further breach of the Taylor License Agreement;

d. A permanent injunction enjoining and restraining Counterclaim-Defendants, their officers, directors, agents, servants, employees, attorneys and all others acting under or through them, directly or indirectly, from further breach of the Taylor License Agreement;

e. A judgment that Counterclaim-Defendants have infringed the '909 patent;

f. A preliminary injunction enjoining and restraining Counterclaim-Defendants, their officers, directors, agents, servants, employees, attorneys and all others acting under or through them, directly or indirectly, from infringing the '909 patent;

g. A permanent injunction enjoining and restraining Counterclaim-Defendants, their officers, directors, agents, servants, employees, attorneys and all others acting under or through them, directly or indirectly, from infringing the '909 patent;

h. A judgment and order requiring Counterclaim-Defendants to pay all damages for their breach of the Taylor License Agreement, including additional liquidated damages pursuant to Paragraph 7 of the Taylor License Agreement, with prejudgment interest;

i. A judgment and order requiring Counterclaim-Defendants to pay all damages under 35 U.S.C. § 284, with prejudgment interest.

j.       A judgment and order requiring Counterclaim-Defendants to pay treble damages

pursuant to 35 U.S.C. § 284;

k.       A judgment and order requiring defendant to pay the costs of this action,

including all disbursements and attorney fees, pursuant to Paragraph 18 of the Taylor License

Agreement and/or 35 U.S.C. § 285, with prejudgment interest.

l.       A judgment against Travel Tags, Inc. on Fiala's statutory claims of tortious

interference with contract awarding Fiala treble the amount of the damages it suffered as a result

of the breaches by Taylor Corp.

m.       A judgment against Travel Tags, Inc. on Fiala's claim of common-law tortious

interference with contract awarding Fiala its damages.

n.       Such other and further relief that this Court may deem just and equitable.

### **DEMAND FOR JURY TRIAL**

Fiala hereby demand a trial by jury of all issues triable by jury.

BARRY FIALA, INC.

By its attorneys,

Dated:  July 26, 2004                      s/ Russell J. Rigby
                                           J. Derek Vandenburgh (MN ID #224145)
                                           Russell J. Rigby (MN ID #323652)
                                           CARLSON, CASPERS, VANDENBURGH
                                            & LINDQUIST, P.A.
                                           225 South Sixth Street, Suite 3200
                                           Minneapolis, MN  55402
                                           Telephone:  612-436-9600
                                           Facsimile:  612-436-9605
                                           Email: dvandenburgh@ccvl.com
                                           Email: rrigby@ccvl.com

                                           Richard M. Carter, Esq.
                                           MARTIN, TATE, MORROW & MARSTON, P.C.
                                           Suite 1000, 6410 Poplar Avenue
                                           Memphis TN 38119
                                           Telephone: (901) 522-9000 ext. 140

Facsimile: (901) 527-3746
Email:  carterR@martintate.com